Justin A. Palmer (SBN. 270857)
**FILER | PALMER, LLP**
249 E. Ocean Blvd., Suite 501
Long Beach, CA 90802
Telephone:	(562) 304-5200
Facsimile:	(562) 394-0504
Email: justin@filerpalmer.com

Counsel for Plaintiff,
BHAVIK DEO

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHAVIK DEO,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>COUNTY OF ALAMEDA; CITY OF SAN LEANDRO, a Governmental Entity; JOSEPH KALSBEEK (341); MICHELLE BUCKHOUT; and DOES 1-10 inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**<br><br>1) DEPRIVATION OF CIVIL RIGHTS – DELIBERATE INDIFFERENCE (42 U.S.C. § 1983)<br>2) NEGLIGENCE<br>3) NEGLIGENCE<br>4) VIOLATION OF BANE ACT (CALIFORNIA CIVIL CODE §52.1)<br>5) CALIFORNIA GOVERNMENT CODE § 845.6 – FAILURE TO SUMMON MEDICAL CARE<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW, Plaintiff Bhavik Deo, for his complaint against **Defendants COUNTY OF ALAMEDA, CITY OF SAN LEANDRO, JOSEPH KALSBEEK, MICHELLE BUCKHOUT and Does 1-10**, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.	This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §

1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the force used during the transport of Plaintiff, Bhavik Deo to the Santa Rita Jail, while in the custody of Defendants.

4. At all relevant times, Plaintiff, Bhavik Deo ("Plaintiff") was an individual residing in the County of Alameda, California.

5. At all relevant times, **Defendant County of Alameda ("COA")** is and was a municipal corporation existing under the laws of the State of California. At all relevant times, Defendant COA is and was a municipal corporation existing under the laws of the State of California. At all relevant times, COA was the employer of Defendants **Does 1-5**, who are believed to be residents of the County of Alameda, California. **DOES 1-5** are sued in their individual capacity.

6. Defendant **City of San Leandro ("CSL")** is and was a municipal corporation existing under the laws of the State of California. At all relevant times, Defendant CSL is and was a municipal corporation existing under the laws of the State of California. At all relevant times, CSL was the employer of Defendants **Joseph Kalsbeek and Michelle Buckhout,** who were duly appointed officers and/or employees or agents of CSL, subject to oversight and supervision by CSL elected and non-elected officials.

7. In doing the acts and failing and omitting to act as hereinafter described, Defendants **Joseph Kalsbeek and Michelle Buckhout** were acting on the implied and actual permission and consent of CSL.

8. In doing the acts and failing and omitting to act as hereinafter described, Defendant **Does 1-5**, were acting on the implied and actual permission and consent of COA.

9. The true names of **Defendants DOES 1-10**, inclusive, are unknown to Plaintiff, who otherwise sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct or liabilities alleged herein.

10. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

### Tort Claim Allegations

11. Plaintiff filed comprehensive and timely claims for damages with COA pursuant to applicable sections of the California Government Code. Plaintiff filed his tort claim on or around April 1, 2020. A true and correct copy of said complaint is attached hereto as **Exhibit "A."** COA failed to respond to Plaintiff's Tort Claim within the 45 day period prescribed by law.

12. Plaintiff filed comprehensive and timely claims for damages with CSL pursuant to applicable sections of the California Government Code. Plaintiff filed his tort claim on or around April 1, 2020. A true and correct copy of said complaint is attached hereto as **Exhibit "B."** Plaintiff's clam was deemed rejected by operation of law on May 19, 2020.

### **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13. On Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

14. On or around October 4, 2019, Plaintiff was arrested by a member of the San Leandro Police Department. Plaintiff was transported to the local San Leandro Police Department jail, where he waited for roughly two hours. The lawsuit concerns the conduct which occurred after that period.

15. After remaining local jail for two hours, San Leandro Police Officers arranged for Plaintiff to be transferred to the Santa Rita Jail in Pleasanton. Plaintiff is informed and believes, and on that basis alleges the total distance between the facilities is a 45 minute van ride.

16. Plaintiff was placed in the van and confined to a small space, with his hands cuffed behind his back. He had no room to change positions or move his upper body. Defendants did not secure Plaintiff in a seatbelt.

17. As the Plaintiff was being placed in the seat of the transport vehicle, he requested several times for the Defendants to place him in a seat belt. However, both of the Defendants' responses to these requests were for the Plaintiff not to worry about being restrained in a seat belt.

18. While en route to the Santa Rita Jail, the Defendants drove the transport vehicle at unsafe speeds and in a reckless manner, in which they made very sharp turns at high rates of speed and slammed on the brakes in an abrupt and reckless manner several times. Ten minutes into the drive, and a result of Defendants driving, Plaintiff fell onto the floor of the van and could not move because of the restraints on his body. Plaintiff was unable to reposition himself from the ground and onto the seat of the van.

19. Plaintiff remain on the floor for the duration of the drive – roughly 30 minutes and requested help from the defendant drivers several times. Plaintiff shouted and pleaded at the top of his lungs for them to stop, that his hand was burning and for them to stop the van. Each time Plaintiff requested Defendants stop, they ignored him.

20. Because of the 30 minute burn to his hands, Plaintiff suffered the following permanent injuries to his hand:



21. Upon arrival to Santa Rita Jail, Plaintiff complained of the pain to his hand and requested medical attention. Jail personnel ignored Plaintiff's requests for several hours.

22. Even though he was still obviously experiencing a medical and psychiatric emergency, COA and DOES 1-10 failed to adequately screen or monitor Plaintiff, and failed to either summon or provide adequate medical assistance for him. Instead, Defendants locked Plaintiff in a cell and continued to ignore his deteriorating condition. COA chose not install an audio monitoring system in the cell at Santa Rita Jail in violation of various applicable codes and regulations designed to prevent inmate injuries and deaths of which they were aware, including but not limited to title 24, section 1231.2.22 of the California Building Code (sometimes referred to as California's Minimum Standards for Adult Detention Facilities.

23. As a result of Defendants' conduct, Decedent experienced profound pain and suffering, emotional distress, and mental anguish, and incurred medical expenses.

### Participation, State of Mind and Damages

24. All Defendants acted under color of law.

25. Each Defendant participated in the violations alleged herein, or directed the violations alleged herein, or knew of the violations alleged herein and failed to act to prevent them. Each defendant ratified, approved and acquiesced in the violations alleged herein.

26. As joint actors with joint obligations, each defendant was and is responsible for the failures and omissions of the other.

27. Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiff's rights.

28. Each Defendant acted with a deliberate indifference to or reckless disregard for an accused's rights for the truth in withholding evidence from prosecutors, for an investigation free of active concealment of material facts, and/or for the Plaintiff's right to due process of law.

29. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of Defendants, Plaintiff has suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

30. Due to the acts of the Defendants, Plaintiff has suffered and continues to suffer, and is likely to suffer in the future, extreme and severe mental anguish as well as mental and physical pain and injury. For such injury, Plaintiff will incur significant damages based on psychological and medical care.

31. As a further result of the conduct of each of these defendants, Plaintiff has lost past and future earnings in an amount to be determined according to proof at trial.

**FIRST CLAIM FOR RELIEF**

**Deprivation of Civil Rights – Denial Of Medical Care (42 U.S.C. § 1983) – 4th and 14th Amendments**

**(By Deo Against Joseph Kalsbeek, Michelle Buckhout; And Does 1-10)**

32. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

33. By the actions and omissions described above, **Defendants Joseph Kalsbeek, Michelle Buckhout; COA and Does 1-10,** acting under color of state law in their individual capacities, deprived as a pretrial detainee of the rights, privileges, and immunities secured by the Fourteenth Amendment by subjecting him, or through their deliberate indifference, allowing others to subject him, to delay and denial of access to medical care for a serious medical condition.

34. **Defendants Joseph Kalsbeek, Michelle Buckhout; COA and Does 1-10** are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

35. **Defendants Joseph Kalsbeek, Michelle Buckhout; COA and Does 1-10** were responsible for supervising them that Plaintiff's medical condition was serious, and that he required more urgent medical attention for the burn the third degree burn he received during his transport to Santa Rita Jail, that they should not delay in providing medical treatment, and these Defndants knew or must have known that he required access and delivery to urgently needed medical care; Defendants further had a duty to provide Plaintiff reasonable security and safe, ap.

36. **Defendants Joseph Kalsbeek, Michelle Buckhout; COA and Does 1-10** ignored, delayed, or denied to Plaintiff appropriate and safe housing, and urgently needed medical care and treatment. As a result of the Defendants' deliberate indifference to Plaintiff's need for appropriate housing and monitoring and/or his need for medical care and treatment, Plaintiff suffered damages and deprivation of constitutional rights, as described herein.

37. By the actions and omissions described above, the individually named Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

   a) The right to be free from an unreasonable ongoing seizure as a pretrial detainee, as secured by the Fourth and Fourteenth Amendments;

b) The right to be free from deliberate indifference to Plaintiff's serious medical needs while in custody and confined in jail as a pretrial detainee, as secured by the Fourth and Fourteenth Amendments;

38. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff and Decedent of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

39. As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiff sustained injuries and damages, as set forth throughout this complaint. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

40. In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff and Decedent, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and other state and federal law against these individual Defendants; no punitive damages are sought directly against the municipal Defendants.

41. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

**SECOND CLAIM FOR RELIEF**

**Negligence**

**(Against All Defendants)**

42. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

43. The actions and inactions of **Joseph Kalsbeek, Michelle Buckhout; COA, CSL And Does 1-10**, were negligent and reckless, including but not limited to:

a) Failing to secure Plaintiff in a seatbelt during his transport to Santa Rita Jail;

b) Driving the County vehicle at unsafe speeds and in a reckless manner, making sharp turns at high rates of speed and slamming on the brakes in an abrupt and reckless manner several times;

c) Refusing to stop the vehicle to allow Plaintiff to reposition himself in the van to prevent injury to his hand, as alleged above;

44. By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

45. Defendants, through their acts and omissions, breached the aforementioned duties owed to Plaintiff.

46. Defendant COA and CSL are vicariously liable pursuant to California Government Code section 815.2.

47. As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each listed Defendant in this Count is entitled to the relief described above.

## THIRD CLAIM FOR RELIEF
## Negligence & Premises Liability
## California Common Law and California Civil Code 1714(a)
## (By Deo Against Joseph Kalsbeek, Michelle Buckhout; CSL, COA and Does 1-10)

48. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49. At all material times, Defendants **Joseph Kalsbeek, Michelle Buckhout; CSL, COA and Does 1-10** owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

50. At all material times, each Defendants owed Plaintiff the duty to act with reasonable care. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include, but are not limited, to the following specific obligations:

a) To provide safe and appropriate jail housing and supervision for Plaintiff, including reasonable classification, monitoring, and housing, including placing him in an appropriate bed, and avoiding physical conditions of any housing that could foreseeably precipitate or facilitate harm to him;

b) To not expose Plaintiff to unreasonably dangerous conditions under the circumstances, which foreseeably could expose Plaintiff to serious injury, as described above;

c) To obey regulations, standards, practices, procedures, and Court Orders for the care and safety of inmates, such as Plaintiff;

d) To summon necessary and appropriate medical care for Plaintiff;

e) To use generally accepted law enforcement and jail procedures that are reasonable and appropriate for Plaintiff's medical conditions and needs;

f) To use generally accepted law enforcement and jail procedures that are reasonable and appropriate for the Decedent's status as an individual that suffered a serious head injury;

g) To refrain from abusing their authority granted to them by law; and,

h) To refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

51. By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to Plaintiff, which foreseeably resulted in the suffering of damages by Plaintiff.

52. Defendants, through their acts and omissions, breached the aforementioned duties owed to Plaintiff.

53. Defendant COA and CSL are vicariously liable pursuant to California Government Code section 815.2.

54. As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each listed Defendant in this Count is entitled to the relief described above.

55. Plaintiff also seeks punitive damages against such individual Defendants in their individual capacities. Plaintiff does not seek punitive damages against the municipal defendants.

### FOURTH CLAIM FOR RELIEF

### Violation of Bane Act (California Civil Code §§52 and 52.1)

### Against All Defendants

56. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

57. By their acts, omissions, customs, and policies, Defendants **Joseph Kalsbeek, Michelle Buckhout; CSL, COA and Does 1-10** acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated Plaintiff's and Decedent's rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

    a) Decedent's right to be free from deliberate indifference to her serious medical needs while in custody as a pretrial detainee, as secured by the Fourteenth Amendment to the United States Constitution and the California Constitution, Article 1, Section 7;

    b) The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1;

    c) The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43; and

p-complaint.docx                                     11
**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

      d) Decedent's right to medical care as required by California Government Code § 845.6.

58. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's and Decedent's rights, Defendants violated Plaintiff's rights by the following conduct, among other conduct, constituting threat, intimidation, or coercion:

      a) Intentionally and with deliberate indifference, depriving and/or preventing Plaintiff from receiving necessary, medical care and treatment;

      b) Intentionally and with deliberate indifference, causing Plaintiff to languish in jail without necessary/proper medical care, in a cell under the circumstances, even after a preliminary screening at the jail had revealed he was in serious medical need;

      c) the negligent hiring, retention, training, supervision, and discipline of their employees and other personnel;

      d) the negligent screening, intake, assessment, classification, placement, and monitoring of Plaintiff; and

      e) the negligent communication of information during the incident.

59. Plaintiff suffered harm as a direct and proximate result of Defendants conduct as alleged above.

60. Defendant COA and CSL are vicariously liable pursuant to California Government Code section 815.2.

61. As a proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each listed Defendant in this Count is entitled to the relief described above.

62. Plaintiff also seeks punitive damages against such individual Defendants in their individual capacities. Plaintiff does not seek punitive damages against the municipal defendants.

### FIFTH CLAIM FOR RELIEF

**California Government Code 845.6 - Failure to Summon Medical Care**

**Against All Defendants**

63. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64. **Defendants Joseph Kalsbeek, Michelle Buckhout; CSL, COA and Does 1-10** knew or had reason to know that Plaintiff was in need of immediate medical care and failed to take reasonable action to summon such medical care.

65. Plaintiff required appropriate and safe housing accommodations necessary for his safety and well-being under the circumstances, and knew or had reason to know he was in need of immediate medical care, evaluation, diagnosis, treatment, and close observation, and close monitoring, and each Defendant failed to take reasonable action to provide or ensure he was provided with appropriate and safe housing accommodations necessary for her safety and well-being under the circumstances and/or failed to summon and/or to provide her access to the requisite level of medical care and treatment that he required. Each such individual Defendant, employed by and acting within the course and scope of his or her employment with Defendant COA and/or CSL, knowing and/or having reasons to know this, failed to take reasonable action to summon and/or provide Plaintiff access to such medically appropriate housing, care, and treatment, in violation of California Government Code § 845.6.

66. Plaintiff suffered harm as a direct and proximate result of the conduct of Defendants' conduct as alleged above.

67. CSL, COA and all other municipal defendants are vicariously liable for the wrongful acts of their employees, including **Joseph Kalsbeek, Michelle Buckhout** and Does 1-10, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

68. As a proximate cause of the aforementioned acts and omissions of - and attributable under Government Code sections 845.6 and 815.2 to – all Defendants, Plaintiff was injured as set forth above, and is entitled to all damages allowable under California law.

## **PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as to all Claims for Relief as follows:

f) For compensatory, general, special and incidental damages, in amounts according to proof at trial;

g) For costs of suit;

h) For reasonable attorneys' fees under federal and state law, including a multiplier and litigation expenses;

i) For prejudgment interest;

j) For such other equitable or legal relief as this Court deems just and proper.

k) For punitive and exemplary damages only as provided by federal and state law, in an amount to be proved against each individual Defendant;

l) For such other and further relief as the Court may deem just, proper and appropriate.

Dated: November 12, 2020                                    Respectfully Submitted,

**FILER | PALMER, LLP**

By: _____
Justin A. Palmer
Attorneys for Plaintiff
Bhavik Deo

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: November 12, 2020                    Respectfully Submitted,

**FILER | PALMER, LLP**


By: _____
　　　　Justin A. Palmer
　　　Attorneys for Plaintiff
　　　　　Bhavik Deo